UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BELZETA PHILLIPS,

     Plaintiff,

     v.

BARBARA LEONE,

     Defendants.

Civil No. 08-6199 (JNE/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)   The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

## I.  BACKGROUND

Plaintiff is attempting to sue Defendant Barbara Leone, who apparently is a medical doctor.  According to Plaintiff's complaint, Dr. Leone was responsible for Plaintiff's medical care during a "high risk pregnancy" six years ago.  Plaintiff alleges that Dr. Leone did not provide proper medical care during the pregnancy, and as a result, Plaintiff's baby died just weeks after being born.

Plaintiff's complaint does not expressly identify the legal basis for her current lawsuit against Dr. Leone.  It clearly appears, however, that Plaintiff is attempting to sue Dr. Leone for medical malpractice.

Plaintiff describes the relief she is seeking in this action as follows:

"1. to have Dr. Barbara Leone tell the Court why she has such non caring for me and my Baby [and] 2). Compensation for her non caring which resulted in the loss of my baby."

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

In this case, subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff has any actionable claim based on the Constitution, laws or treaties of the United States.   To the contrary, it is obvious that Plaintiff is attempting to sue Dr. Leone for medical malpractice, which is a state common law cause of action.[1]  Indeed, the civil cover sheet that Plaintiff submitted with her complaint explicitly confirms that the "Nature of Suit" in this case is "Personal Injury - Med. Malpractice."

---

[1]   The Court does not mean to suggest that Plaintiff has actually pleaded an actionable common law malpractice claim.  In fact, the allegations in Plaintiff's current complaint may not be sufficient to state any viable cause of action.  The dismissal of this action alone will not preclude Plaintiff from attempting to bring her current claims again in state court, but if she attempts to do so, it would behoove her to first consult with an attorney.

The Court recognizes that Plaintiff's complaint includes an unexplained reference to "Pub.L. 99-660, Title IV, § 415, Nov. 14, 1986, 100 Stat. 3787," which is codified at 42 U.S.C. § 11115.   That statute, however, provides no legal basis for Plaintiff's lawsuit against Dr. Leone; it merely says that a certain federal law designed to improve nationwide medical competency standards, (the "Health Care Quality Improvement Act of 1986"), does not eliminate any existing responsibilities, privileges or causes of action, under related state or federal law.[2] The statute is potentially relevant here only because it preserves Plaintiff's state common law right to sue for medical malpractice.  (See 42 U.S.C. § 11115(d)).

---

[2]  42 U.S.C. § 11115 provides as follows:

"(a) **In general**  Except as specifically provided in this subchapter, nothing in this subchapter shall be construed as changing the liabilities or immunities under law or as preempting or overriding any State law which provides incentives, immunities, or protection for those engaged in a professional review action that is in addition to or greater than that provided by this subchapter.

(b) **Scope of clinical privileges**  Nothing in this subchapter shall be construed as requiring health care entities to provide clinical privileges to any or all classes or types of physicians or other licensed health care practitioners.

(c) **Treatment of nurses and other practitioners**  Nothing in this subchapter shall be construed as affecting, or modifying any provision of Federal or State law, with respect to activities of professional review bodies regarding nurses, other licensed health care practitioners, or other health professionals who are not physicians.

(d) **Treatment of patient malpractice claims**  Nothing in this chapter shall be construed as affecting in any manner the rights and remedies afforded patients under any provision of Federal or State law to seek redress for any harm or injury suffered as a result of negligent treatment or care by any physician, health care practitioner, or health care entity, or as limiting any defenses or immunities available to any physician, health care practitioner, or health care entity."

Again, the statute cited in Plaintiff's complaint does not create any federal cause of action that could allow Plaintiff to sue Dr. Leone in federal court.

It is also readily apparent that subject matter jurisdiction cannot exist in this case under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In this case, it plainly appears, on the face of the complaint, that both Plaintiff and Defendant are Minnesota residents, so diversity of citizenship obviously is not present here.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated:    December 2, 2008

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 17, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.